UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:11-CV-115-BR

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | ORDER | |
| ) | | |
| ) | | |
| ) | | |
| JAMES A. MCFARLAND, JR., ) | | |
| Defendant. ) | | |

This matter is before the court on defendant's Rule 12(b)(7) motion to dismiss for failure to join East Coast Development II, LLC ("East Coast") as a party pursuant to Rule 19 of the Federal Rules of Civil Procedure. Plaintiff filed a response in opposition to the motion.

Plaintiff's suit arises out of loans it made to Movies One, LLC ("Movies One"). Plaintiff's first three claims are based on defendant's alleged breach of a personal guarantee he executed in conjunction with the loans plaintiff made to Movies One. (See Compl., DE # 1, ¶¶ 6-53.) Plaintiff's remaining, alternative claim alleges that defendant tortiously interfered with contracts (i.e., the loans and related agreements) between plaintiff and Movies One, by causing the merger of Movies One into East Coast, a company defendant admittedly owns. (Id. ¶¶ 57-60; Def.'s Mem., DE # 16, at 1.) Because defendant makes no contention that plaintiff's first three claims cannot be resolved without East Coast being a party, the court only considers defendant's argument as pertaining to the tortious interference claim.

Defendant argues that East Coast is a "necessary" and "indispensable" party under Rule 19. A party qualifies as a required party under Rule 19 in one of two ways. First, a party is required to be joined if "in that [party's] absence, the court cannot accord complete relief among

existing parties." Fed. R. Civ. P. 19(a)(1)(A). The second instance that can require a party to be joined is if "that [party] claims an interest relating to the subject matter of the action and is so situated that disposing of the action in the [party's] absence may: (i) as a practical matter impair or impede the [party's] ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). Defendant appears to make two separate, but related, arguments in support of his contention that East Coast must be joined.

Initially, defendant contends that any tortious acts were committed by East Coast, rather than him, and thus, a judgment concerning its (East Coast's) tortious conduct "cannot be rendered without East Coast appearing in the action and having a chance to defend itself." (Def's. Mem., DE # 16, at 2). The court disagrees. This court's determination of defendant's liability, or lack thereof, on the tortious interference claim is in no way dependent on East Coast being a party. Finding defendant liable on the claim does not automatically impute liability to East Coast, a distinct legal entity, nor does finding no liability on the part of defendant automatically absolve East Coast. As such, this court can accord complete relief between plaintiff and defendant.

Defendant also asserts that "[w]ithout the joinder of East Coast, Plaintiff potentially could obtain a favorable ruling on its tortious interference claim, and then, under the doctrine of collateral estoppel, later assert a claim against East Coast based on the ruling in this case." (Id. at 3). Defendant offers no explanation of why an adverse judgment against him in this action could be used against East Coast in a subsequent action.

Because defendant has not shown any valid basis for requiring the joinder of East Coast,


2

and his motion to dismiss is DENIED.

This 17 November 2011.

                                             _____
                                             W. Earl Britt
                                             Senior U.S. District Judge

3